

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

July 13, 1976

The Honorable Joseph D. Hawkins          Opinion No. H-846
Commissioner of Insurance
State Board of Insurance                 Re: Authority of the
1110 San Jacinto                         State Board of Insurance
Austin, Texas  78786                     to license public adjusters
                                         under article 21.07-4,
                                         Insurance Code.

Dear Mr. Hawkins:

You have requested our opinion regarding whether the
State Board of Insurance may license a person who investigates
losses on behalf of an insured.

Article 21.07-4, Texas Insurance Code, defines an
"adjuster" as

> any person who, as an independent con-
> tractor, or as an employee of an
> independent contractor, adjustment
> bureau, association, insurance company
> or corporation, local recording agent,
> managing general agent, or self-insured,
> investigates or adjusts losses on behalf
> of either an insurer or a self-insured,
> or any person who supervises the handling
> of claims.  Sec. 1(a).

Such definition excludes persons who investigate losses on
behalf of an insured, someti s referred to as "public
adjusters."  Prior to the er ctment of article 21.07-4,
such persons were included within t  definition of "insurance
adjuster" contained in section (3) of article 19.01, Title
122A, Taxation-General, V.T.C.S.  That provision, however,
was specifically repea  d by section 21 of article 21.07-4
of the Insurance Code.

Although he is not included within the definition of "adjuster" in section 1(a) of article 21.07-4, neither is a public adjuster expressly excepted therefrom by section 1(b), which provides:

> (b) 'Adjuster' shall not include:
>
> (1) an attorney at law who adjusts insurance losses from time to time and incidental to the practice of law, and who does not advertise or represent that he is an adjuster;
>
> (2) a salaried employee of an insurer who is not regularly engaged in the adjustment, investigation, or supervision of insurance claims;
>
> (3) persons employed only for the purpose of furnishing technical assistance to a licensed adjuster, including, but not limited to, photographers, estimators, private detectives, engineers, handwriting experts, and attorneys at law;
>
> (4) a licensed agent or general agent of an authorized insurer who processes undisputed and/or uncontested losses for such insurer under policies issued by said agent or general agent;
>
> (5) a person who performs clerical duties with no negotiations with the parties on disputed and/or contested claims;
>
> (6) any person who handles claims arising under life, accident and health insurance policies.

Public adjusters are presently excluded from licensing by rule of the State Board of Insurance.

Since a public adjuster is not included within the definition of "adjuster" in section 1(a), such a person is not required to comply with the mandatory licensing provisions of section 2(a), which are applicable only to every person who "hold[s] himself out to be an adjuster." The Board of Insurance is, however, required to issue a license to any applicant who meets the licensing qualifications set forth in section 7:

Sec. 7. The commissioner shall license as an insurance adjuster only an individual who has otherwise complied with this Act, and who has furnished evidence satisfactory to the board that:

(1) he is at least 18 years of age;

(2) he is a bona fide resident of this state, or is a resident of a state or country which will permit residents of this state to act as insurance adjusters in such other state or country;

(3) if he is a nonresident of the United States, he has complied with all federal laws pertaining to employment or the transaction of business in the United States;

(4) he is a trustworthy person;

(5) he has had experience or special education or training with reference to the handling of loss claims under insurance contracts of sufficient duration and extent to make him competent to fulfill the responsibilities of an insurance adjuster; and

(6) he has successfully passed an examination as required by the commissioner in accordance with this Act or has been exempted according to the provisions of this Act.

Article 21.07-4 does not contain a requirement that a person must investigate or adjust losses on behalf of an insurer or a self-insured in order to obtain a license. Thus, in our opinion, although a public adjuster is not required to comply with the licensing provisions of article 21.07-4 of the Insurance Code, the State Board of Insurance is required to issue a license to any person who complies with the statutory qualifications for obtaining an adjuster's license.

## S U M M A R Y

Although a public adjuster is not required to comply with the licensing provisions of article 21.07-4 of the Insurance Code, the State Board of Insurance is required to issue a license to any person who complies with the statutory qualifications for obtaining an adjuster's license.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb